UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __14-1385__    Caption: __Matthew Jenkins v. James T. Ward, Sr. Chapter 7 Trustee__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__James T. Ward, Sr., Chapter 7 Trustee for Matthew Alan Jenkins__
(name of party/amicus)


who is ____an appellee____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1. Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2. Does party/amicus have any parent corporations?  ☐ YES ☑ NO
   If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO
   If yes, identify all such owners:

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question) ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding? ☑ YES ☐ NO
If yes, identify any trustee and the members of any creditors' committee:

Appellee, James T. Ward, Sr., is the duly appointed chapter 7 bankruptcy trustee for the appellant, Matthew Alan Jenkins, in Case No. 12-50413, U.S. Bankruptcy Court for the Western District of North Carolina. Because Mr. Jenkins case was filed in chapter 7, no creditors' committee was appointed. The U.S. Bankruptcy Administrator for the Western District of North Carolina, Linda W. Simpson, is also an appellee herein, and may appear on her own behalf.

Signature: *A. Cotten Wright*     Date: May 6, 2014

Counsel for: James T. Ward, Sr., Ch. 7 Trustee

## CERTIFICATE OF SERVICE
*************************

I certify that on May 6, 2014 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Matthew Alan Jenkins
14833 Mansa Dr.
La Mirada, CA 90638

Linda W. Simpson
U.S. Bankruptcy Administrator
402 West Trade St., Suite 200
Charlotte, NC 28202

*A. Cotten Wright*
(signature)     May 6, 2014
(date)